Andrea K. Gorrie, California State Bar No. 351,177
andrea@trademarkia.com

Derrick M. Davis, Tennessee BPR No. 037122 (*pro hac vice* forthcoming)
derrick@trademarkia.com

LEGALFORCE RAPC WORLDWIDE, P.C.
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone:    (650) 965-8731
Facsimile:    (650) 989-2131

Attorneys for Plaintiff,
Kay Cady-Johnson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Kay Cady-Johnson,<br><br>Plaintiff,<br><br>v.<br><br>Alphapals, Inc.,<br><br>Defendant. | Case No.: 3:24-cv-06213<br><br>**COMPLAINT FOR:**<br><br>1. TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114;<br>2. TRADEMARK INFRINGEMENT, 15 U.S.C. § 1125(a);<br>3. TRADEMARK INFRINGEMENT, CALIFORNIA COMMON LAW;<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Kay Cady-Johnson ("Teacher Kay"), by and through undersigned counsel, for her Complaint against Defendant Alphapals, Inc. ("Defendant"), alleges as follows:

## NATURE OF ACTION

1. Ms. Kay brings this civil action seeking legal and equitable relief arising from Defendant's increasingly persistent encroachment upon Teacher Kay's rights in her ALPHAPALS trademarks (hereafter collectively referred to as the "ALPHAPALS Marks").

2. For many years, Teacher Kay has been a well-respected educator in Northern California, particularly within the realm of early childhood education. In the early 2010's, Teacher Kay built out her concept for a line of educational materials and programs intended for preschool-aged children. A central component of the concept was that her students should be nurtured and inspired to learn, and the vehicle for delivery of the concept was a host of characters she created: the Alphapals. Teacher Kay has built upon this idea over more than a decade, utilizing the ALPHAPALS Marks to promote many components of her educational offerings, from selling interactive books and worksheets to hosting in-person classes and online educational courses for students, parents, and even other teachers.

3. As a brand owner, Teacher Kay has both the right and obligation to preclude third-party uses of similar marks for related goods and services, as such unauthorized usage would lead to deterioration of her trademark rights and create the potential for marketplace confusion. Defendant's use of the word "alphapals" as discussed below not only presents the possibility of these risks becoming a reality; Teacher Kay is already seeing *actual confusion* based on Defendant's uninvited foray into her brand space. Defendant's actions have forced Teacher Kay to pursue the instant lawsuit and seek relief from this Court for Defendant's violations of the Lanham Act, 15 U.S.C. §§ 1125 *et seq*.

## PARTIES

4. Teacher Kay is an individual who resides and works in the State of California.

5. Defendant is a California corporation having its principal place of business at

6418 Bonsall Drive in Malibu, California 90625.

## JURISDICTION AND VENUE

6. This is a civil action arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*

7. Subject matter jurisdiction is conferred upon this Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

8. Specifically, this Court has federal question subject matter jurisdiction over this action because Defendant is actively infringing Teacher Kay's trademark rights in the ALPHAPALS Marks.

9. This Court has supplemental jurisdiction over the state law claims alleged herein because their subject matter is so inextricably linked to the federal claims as to form one controversy.

10. This Court has personal jurisdiction over Defendant, and district is the proper venue for this dispute pursuant to 28 U.S.C. § 1391.

11. Specifically, Defendant resides in California and markets its products and services in this district, and the instances of infringement giving rise to this action occurred in substantial part within this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**Teacher Kay's Trademark Rights**

12. Teacher Kay is a passionate educator who has established a strong reputation for her teaching methods. Highly respected by her peers and beloved by her students and their parents, Teacher Kay's approach to early childhood education has impacted the lives of students both on a local level in the Bay Area and elsewhere throughout the United States.

13. Teacher Kay has promoted her educational services and corresponding products using the ALPHAPALS Marks for many years, and well prior to Defendant's earliest date of constructive or actual first use of its infringing Alphapals designation or any substantially similar variation thereof (the "Infringing Mark").

14. More particularly, upon information and belief, well prior to Defendant's earliest date of first use of the Infringing Mark, Teacher Kay has used the ALPHAPALS Marks to promote her in-person programs, online educational content, certification courses for other educators, and corresponding workbooks.

15. In addition to the common law trademark rights she has generated through longstanding use of the ALPHAPALS Marks, Teacher Kay has obtained a federal trademark registration for TEACHER KAY'S ALPHAPALS in International Class 016 for various educational materials (Reg. No. 4217787, hereafter, Teacher Kay's "Registration"). A copy of the certification for the Registration is attached hereto as Exhibit A.

16. As shown in Exhibit A, Teacher Kay's Registration was issued on October 2, 2012. Teacher Kay's Registration been properly renewed, and is currently in good standing.

17. Teacher Kay's use of the ALPHAPALS Marks has been continuous since at least as early as February 29, 2012 (the filing date of the underlying federal trademark application).

18. Teacher Kay's ALPHAPALS Marks are inherently distinctive and represent the substantial goodwill she has generated in the brand. By virtue of extensive local and interstate use of the ALPHAPALS Marks over more than a decade in connection with the advertising, distribution, and sale of Teacher Kay's goods and services, Teacher Kay's ALPHAPALS Marks have acquired a strong reputation and widespread recognition among the relevant consuming public as a source identifier for Teacher Kay's offerings.

19. Teacher Kay has invested significant time, effort, and resources in developing and promoting her goods and services under the ALPHAPALS Marks. Teacher Kay's ALPHAPALS Marks have become indelibly linked in the minds of the consuming public with high-quality educational offerings originating from Teacher Kay. As such, Teacher Kay's ALPHAPALS Marks have become a valuable asset, as her ALPHAPALS Marks serve to distinguish her goods and services from those offered by others.

20. Because of the high degree of inherent and acquired distinctiveness of the Teacher

1  Kay's ALPHAPALS Marks and marketplace recognition by the relevant consumer, Teacher
2  Kay's ALPHAPALS Marks are deserving of a broad scope of legal protection.

**Defendant's Infringement and Attempted Cancellation of the Registration**

21. Defendant's entry into the marketplace for goods and services directed towards young children (and their parents) is comparatively recent. Upon information and belief, Defendant's first interjection into the market and use of the Infringing Mark occurred in 2020, when Defendant began selling plush toys using the name ALPHAPALS.

22. Defendant has rapidly expanded its offerings beyond plush toys. According to the records of the U.S. Patent and Trademark Office ("USPTO") and a review of Defendant's website (https://alphapals.com/collections/shop-all), Defendant is presently offering a multitude of products and services under the Infringing Mark, ranging from clothing and backpacks, to educational materials and content, and to provision of educational services (collectively, the "Infringing Goods and Services").

23. Defendant is actively attempting to build a trademark portfolio around the Infringing Mark as used with the Infringing Goods and Services, such as by using and attempting to register the Infringing Mark and other confusingly similar variants such as ALPHALAND or designs like the logo shown below:



24. Defendant's use of both the Infringing Mark and the highly similar variations

thereof such as those referenced in the previous paragraph is not only likely to create confusion in violation of Teacher Kay's rights in the ALPHAPALS Marks; Teacher Kay is already observing instances of actual confusion by her students and their parents.

25. Defendant has gradually convinced the USPTO to permit registration of increasingly concerning trademarks. At this time, Defendant is listed as the owner of more than 30 trademark applications and registrations—all of which were filed well after Teacher Kay's rights in the ALPHAPALS Marks were created.

26. As Defendant encroached upon Teacher Kay's rights in her ALPHAPALS Marks, it faced resistance from the USPTO. Specifically, the trademark examiner assigned to one of the pending applications for the Defendant's Infringing Mark has refused registration based on Teacher Kay's Registration. Defendant elected to file a Petition for Cancellation of Teacher Kay's Registration (TTAB Case No. 92084757) on the grounds that Teacher Kay's rights have been abandoned through non-use.

27. As stated herein, Teacher Kay has priority as the senior user of the ALPHAPALS Marks in connection with her educational materials and related services, as her dates of first use long precede the Defendant's actual and/or constructive date of first use (arising from the filing dates of applications directed to the Infringing Mark or confusingly similar variants thereof) and her use of the mark has been continuous.

28. Defendant is unable to establish priority of use or priority of rights in California and elsewhere throughout the U.S. for the Infringing Mark in connection with the Infringing Goods and Services relative to Teacher Kay's use of her ALPHAPALS Marks.

29. There is no relationship between Teacher Kay and Defendant, and Teacher Kay has never authorized or consented to Defendant's use or applications to register the Infringing Mark or any confusingly similar variants thereof.

## COUNT I – VIOLATION OF 15 U.S.C. § 1114

30. Teacher Kay repeats each and every allegation contained in the paragraphs above

and incorporates them by reference as though fully set forth herein.

31. The TEACHER KAY'S ALPHAPALS trademark is a valid and fully protectable mark that is registered on the USPTO's Principal Register.

32. Upon information and belief, in 2020, Defendant began using the Infringing Mark to sell plush toys designed to facilitate educational development and directed to preschool-aged children and their parents. More recently, Defendant has expanded its offerings beyond the plush toys and is now using the Infringing Mark to promote a diverse array realm of products and services used in connection with early childhood education.

33. Defendant's use of the Infringing Mark and any confusingly similar variations thereof—including, without limitation, the ALPHAPALS design marks and highly similar variations of word marks such as ALPHALAND and ALPHAWORLD—as described herein is likely to cause confusion, mistake, or deception among the public as to the source, origin, sponsorship, or quality of the goods and services at issue. More specifically, Defendant's use of ALPHAPALS as described herein is likely to confuse students and their parents into believing that Teacher Kay is the source, origin, or sponsor of Defendant's goods and services, or that Teacher Kay otherwise approves of or has an affiliation with Defendant (or vice versa, resulting in reverse confusion).

34. Defendant's use of the Infringing Mark and confusingly similar variants thereof has not only enabled a likelihood of confusion, but has also created actual confusion in the marketplace.

35. Defendant has caused additional injury to Teacher Kay in the form of depriving her of the exclusive right to control and benefit from her registered trademark, which erodes the goodwill and reputation symbolized by the TEACHER KAY'S ALPHAPALS mark.

36. Defendant's adoption and use of the Infringing Mark has been made notwithstanding Teacher Kay's well-known rights in the ALPHAPALS Mark, and with both actual and constructive notice of Teacher Kay's Registration under 15 U.S.C. § 1072. As such,

Defendant's wrongful conduct has been and continues to be willful, deliberate, malicious, intended to injure, and without regard for Teacher Kay's rights in the ALPHAPALS Mark.

37. For more than ten consecutive years, Teacher Kay has actively used the ALPHAPALS Marks to promote her educational goods and services, and has dedicated much time and energy into establishing a well-respected brand in the saturated marketplace that is early childhood education. Defendant's actions as described herein constitute trademark infringement and are actionable pursuant to 15 U.S.C. § 1114.

38. Defendant's actions as described herein are the direct and proximate cause of substantial injury to the public and Teacher Kay, and Teacher Kay is entitled to injunctive relief and to recover all damages sustained as a result of Defendant's infringing conduct, including actual damages, profits, treble damages, statutory damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

39. Pursuant to 15 U.S.C. § 1119, Teacher Kay also asks this Court to cancel all trademark registrations Defendant has obtained for the Infringing Mark in highly related classes, presently including but not limited to Reg. Nos. 6119740, 6119741, 7287579, 7287580, 7037490, and 7051425.

**COUNT II - VIOLATION OF 15 U.S.C. § 1125(A)**

40. Teacher Kay repeats each and every allegation contained in the paragraphs above and incorporates them by reference as though fully set forth herein.

41. Teacher Kay has obtained valid, protectable common law trademark rights in the ALPHAPALS Marks as used in conjunction with her educational products and services for many years prior to Defendant's earliest date of first use of the Infringing Mark or any confusingly similar variation thereof.

42. Defendant's use of the Infringing Mark and any confusingly similar variations thereof—including, without limitation, the ALPHAPALS design marks and highly similar variations of word marks such as ALPHALAND and ALPHAWORLD—as described herein is

likely to cause confusion, mistake, or deception among the public as to the source, origin, sponsorship, or quality of the goods and services at issue. More specifically, Defendant's use of ALPHAPALS as described herein is likely to confuse students and their parents into believing that Teacher Kay is the source, origin, or sponsor of Defendant's goods and services, or that Teacher Kay otherwise approves of or has an affiliation with Defendant (or vice versa, resulting in reverse confusion).

43. Defendant's actions constitute violations of 15 U.S.C. § 1125(a), which prohibits any false or misleading description or representation, including words or other symbols tending falsely to describe or represent the same, made in connection with any goods or services entered into commerce.

44. Defendant's wrongful conduct has been and continues to be willful, deliberate, malicious, intended to injure, and without regard for Teacher Kay's rights in the ALPHAPALS Mark in violation of 15 U.S.C. § 1125(a).

45. Defendant's actions as described herein are the direct and proximate cause of substantial injury to the public and Teacher Kay, and Teacher Kay is entitled to injunctive relief and to recover all damages sustained as a result of Defendant's infringing conduct, including actual damages, profits, treble damages, statutory damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116, 1117, and 1125(a).

### COUNT IV – TRADEMARK INFRINGMENT (CALIFORNIA LAW)

46. Teacher Kay repeats each and every allegation contained in the paragraphs above and incorporates them by reference as though fully set forth herein.

47. Teacher Kay is the sole and exclusive owner of the trademark rights in the ALPHAPALS Marks.

48. Teacher Kay has priority of use over Defendant for the ALPHAPALS Marks.

49. By its actions described herein, Defendant has created a likelihood of confusion, mistake, or deception among the public as to the source, origin, sponsorship, or quality of the

goods and services at issue.

50. Absent injunctive relief, Teacher Kay has no means by which to control Defendant's infringing activities. Teacher Kay is thus entitled to preliminary and permanent injunctive relief prohibiting Defendant from continuing to commit such acts.

51. By engaging in the conduct describe herein, upon information and belief, Defendant has willfully acted to oppress and violate Teacher Kay's rights in an attempt to advantage itself at her expense. Teacher Kay is entitled to an award of compensatory and punitive damages against Defendant, in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Teacher Kay respectfully requests that the Court enter judgment against the Defendant as follows:

A. Enter an injunction enjoining Defendant, its officers, directors, employees, agents, licensees, subsidiaries and affiliated companies, successors and assigns, and any and all persons in active concert or participation with any of them, from:

1. Any unauthorized use of the ALPHAPALS trademark, including without limitation any colorable imitation or confusingly similar variation of the Infringing Mark, in connection with the promotion, advertising, performance, or sale of competitive or related products and services;

2. Engaging in any conduct suggesting or tending to suggest that any product or service promoted, advertised, performed, or offered for sale by Defendant originates from or is directly or indirectly sponsored by, approved by, affiliated with, or connected to Teacher Kay;

3. Conveying the impression to the public through communications, displays, advertising, packaging, or otherwise that any product or service offered by Defendant originates from or is directly or indirectly sponsored by, approved by, affiliated with, or connected to Teacher Kay; and

    4.    Continuing to pursue trademark registrations for the Infringing Mark or any colorable imitation or confusingly similar variation of the Infringing Mark, in connection with the promotion, advertising, performance, or sale of competitive or related products and services;

B.    Award Teacher Kay its actual damages and Defendant's profits from Defendant's wrongful acts;

C.    Award Teacher Kay its costs of suit and reasonable attorneys' fees;

D.    Award Teacher Kay punitive damages, pursuant to California state law;

E.    Award any other legal or equitable remedies to which Teacher Kay may be entitled, including all remedies provided for in 15 U.S.C. § 1117(a), and under any other California state statutory or common law;

F.    Ordering the cancellation of U.S. Trademark Reg. Nos. 6119740, 6119741, 7287579, 7287580, 7037490, and 7051425 pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119);

G.    Award Plaintiff interest and post-judgment interest; and

I.    Granting Teacher Kays such other and further relief as the Court may deem just and proper.

Respectfully submitted on this, the 3rd day of September, 2024.

LEGALFORCE RAPC WORLDWIDE, P.C.

By:    s/Andrea K. Gorrie/
Andrea K. Gorrie
andrea@trademarkia.com
California State Bar No. 351,177
Derrick M. Davis (appearing *pro hac vice*)
derrick@trademarkia.com
TN BPR No. 037122

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

446 E. Southern Ave.
Tempe, AZ 85282
(650) 390-6402
*Attorneys for Plaintiff,*
*Kay Cady-Johnson*

**JURY TRIAL DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable in this matter.

Respectfully submitted on this, the 3rd day of September, 2024.

                                                      LEGALFORCE RAPC WORLDWIDE, P.C.

                                                      By: ___s/Andrea K. Gorrie/_____
                                                      Andrea K. Gorrie
                                                      California State Bar No. 351,177
                                                      *Attorneys for Plaintiff,*
                                                      *Kay Cady-Johnson*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## United States of America
### United States Patent and Trademark Office

# TEACHER KAY'S ALPHAPALS

**Reg. No. 4,217,787**  
**Registered Oct. 2, 2012**  
**Int. Cl.: 16**

**TRADEMARK**  
**PRINCIPAL REGISTER**

CADY-JOHNSON, KAY (UNITED STATES INDIVIDUAL)  
20 LA CRESENDA ST.  
VALLEJO, CA 94590

FOR: CHILDREN'S INTERACTIVE EDUCATIONAL BOOKS; EDUCATIONAL BOOKS FEATURING PRESCHOOL LANGUAGE ARTS, PHONICS AND WRITING. EDUCATIONAL KITS SOLD AS A UNIT IN THE FIELD OF LANGUAGE ARTS CONSISTING PRIMARILY OF EDUCATIONAL BOOKS, FLASH CARDS AND WORKSHEETS, AND ALSO INCLUDING AN EDUCATIONAL DVD; EDUCATIONAL PUBLICATIONS, NAMELY, BOOKS, HAND-OUTS, WORKBOOKS, JOURNALS, PLAYBOOKS, WORKSHEETS AND CARDS IN THE FIELD OF PRESCHOOL LANGUAGE ARTS, PHONICS AND WRITING; ALPHABET WALL BORDERS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 10-17-2011; IN COMMERCE 12-13-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-556,851, FILED 2-29-2012.

PAM WILLIS, EXAMINING ATTORNEY





Director of the United States Patent and Trademark Office